# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2236 JAR |
| | ) | |
| GISH, SHERWOOD & FRIENDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Gish, Sherwood & Friends, Inc.'s Motion for Leave to File Supplemental/Corrected Responses to Jeff Lipscomb's Deposition. (Doc. No. 99) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

Plaintiff Stephen Kennedy ("Kennedy") brings this action against Defendant Gish, Sherwood & Friends, Inc. ("Gish"), asserting copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, et seq. Kennedy, a professional photographer, claims Gish, an advertising agency, copied and used 169 of his photographs without his permission.

On October 9, 2014, Kennedy served Gish with a Rule 30(b)(6) subpoena to provide documents and corporate testimony on a number of topics concerning Gish's use of Kennedy's photographs in connection with the services rendered for its client, First Acceptance Insurance Company ("FAIC"). (See Doc. No. 99-1) Kennedy requested Jeff Lipscomb be produced for deposition. At that time, neither Gish nor Lipscomb objected or moved to modify or quash the subpoena and Lipscomb's deposition was taken on October 23, 2014.

On May 27, 2015, Gish filed the instant motion arguing that had it been given sufficient notice and the opportunity to designate its own corporate representative, it would not have chosen Lipscomb to testify. Gish asserts that Lipscomb was unprepared for his deposition and that after further investigation and discovery, it became aware of several responses provided by Lipscomb that should be supplemented, clarified and/or corrected. Specifically, Gish seeks to clarify Lipscomb's deposition testimony concerning the number of Kennedy photographs copied by Gish; correspondence and prior dealings between Kennedy and Gish; details about how the photographs were used and delivered to FAIC; and questions relating to watermarks and metadata. (Doc. No. 99 at 4) Gish argues the standards for supplementing or amending the responses of a corporate representative should be no more stringent than for supplementing responses to requests for admissions or corporate interrogatories under Rule 26. (Id. at 5) Kennedy opposes the motion, arguing, *inter alia*, that deponents are not permitted to contradict or modify their sworn deposition testimony. (Doc. No. 107 at 4-5)

The Court has reviewed Lipscomb's deposition transcript (Doc. No. 107-1) and Gish's supplemental/corrected responses (Doc. No. 99-3), and finds Gish's submissions go beyond merely supplementing or amending deposition testimony and actually alter what was said under oath. For example, at page 31:15-32:16:

> **Q. The photographic files that GS&F sent over to First Acceptance, did GS&F in any way for any of those photos indicate that First Acceptance had a license to use them?**
>
> A. No. When we turned over the materials to First Acceptance, we put all the files in a mail crate organized. We had two drives. One is for the work and that's how we identified it, and one was for project and development and so forth, never utilized. We had a CD that had a directory of all of the PDFs for all the drives. We had talent releases so that talent releases would indicate they've signed off on the usage of their image. We had the POs highlighted in an organized manner for them showing the buy for photography and the rights associated with that file with time frames and duration as well. An original disk from Harvey Wang, the photographer, that was the approved photographer by the client.

The client approved this photographer and the images that we were using, and the PO showing the buy, the cost associated with it, and an associated licensing agreement were all included in the package in an organized manner. And all of that material was turned over at one time.

Gish's supplemental/corrected response:

GS&F did not indicate to First Acceptance that it had a right to use Kennedy's photos. All of the Kennedy photos turned over to First Acceptance were low-resolution images, several of which displayed Kennedy's watermark in the photograph. Additionally, unlike the Harvey Wang photographs and other stock photographs that had been licensed for the First Acceptance campaign, no licensing documentation or references accompanied any of the Kennedy photos that were turned over to First Acceptance.

At pages 38:18-39:2:

**Q. And Mr. Leach thought he may have contacted Stephen Kennedy but he wasn't sure?**

A . We could not reach Derek to find out. And Derek is no longer with our company. We could not get an answer back.

**Q. So sitting here today, you're not aware of a contact from GS&F that Mr. Kennedy about his photographs potentially being used for First Acceptance.**

A. Correct.

Gish's supplemental/corrected response:

This answer was correct as of the time it was given but a more complete investigation has shown that Darek Leech contacted Kennedy regarding use of his photographs for the First Acceptance campaign. On July 19, 2011, Kennedy told Darek Leech by email that he offered free low-resolution files for comp use to companies that had previously licensed his images.

At pages 72:16-72:19; 73:8-21:

**Q. Did you have permission from Stephen Kennedy to use those as part of the concepts you were developing internally?**

A. I don't know. I don't know.

**Q. Okay. And do you know whether there was permission from Mr. Kennedy to then provide those images and transfer them to an external client?**

A. I don't know. But, again, it's a standard practice to use screen grabs and other images from a stock photography library. That would be the reason for the watermark and the ID as a reminder that this is owned by a photographer that needs to be negotiated, if, indeed, you choose to use it. But we...

**Q. But sitting here today, you don't know whether that happened.**

A. I don't know if that happened, no.

Gish's supplemental/corrected response:

> Yes. A more complete investigation has determined that Darek Leech contacted Kennedy regarding use of his photographs for the First Acceptance campaign. On July 19, 2011, Kennedy expressly told Darek Leech by email that he offered free low-resolution files for comp use to companies that had previously licensed his images. In addition, the investigation has shown that Kennedy was aware of past comp use of his photos and that he never objected to such use.

And on pages 34:9-35-10:

**Q. For the Stephen King -- excuse me, Stephen Kennedy photographs in Exhibit 30 and 31, do you know if the file sent over to First Acceptance had Stephen Kennedy's meta tag embedded in them?**

A. I'm not aware if, in all cases, there was a meta tag, but I think in most, if not all cases, they had the identification here that it's a Stephen King image.

**Q. Right. You don't know if Stephen Kennedy had a meta tag identifying him as the photograph[er] or his photographs?**

A. I do not.

Gish's supplemental/corrected response:

> The copies of Kennedy's photographs within GS&F's possession were obtained through screenshots of the photographs as they appeared on Kennedy's website. Those screenshots did not include any original metadata attached to the photographs. As for the watermark, the watermark on some of Kennedy's photos was removed by either cropping the image in a manner that excluded the watermark, in whole or in part, or by using Photoshop to remove the watermark. The purpose of doing so was to provide First Acceptance with realistic mock-ups.

The duty to supplement and correct generally does not extend to disclosures made as part of deposition testimony. Fed. R. Civ. P. 26(e)(1) (listing interrogatories, requests for production

and requests for admissions as discovery methods for which duty applicable); 6 Moore's Federal Practice, § 26.131[1] (Matthew Bender 3d ed.). Gish will certainly have an opportunity to explain Lipscomb's responses in light of its further investigation and discovery; however, permitting Gish to "supplement" or "correct" Lipscomb's deposition in the manner suggested would result in prejudice to Kennedy, who has relied on Lipscomb's testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gish, Sherwood & Friends, Inc.'s Motion for Leave to File Supplemental/Corrected Responses to Jeff Lipscomb's Deposition [99] is **DENIED**.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of November, 2015.