UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV- 2236 JAR |
| | ) |
| GISH, SHERWOOD & FRIENDS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Exclude Proposed Kennedy Opinions Under Daubert (Doc. No. 182) and Plaintiff Stephen Kennedy's Motion in Limine to Bar the Testimony of Defendant's Expert Witness Peter Garza on One Topic and Opinion Which Was Not Disclosed or Mentioned in the Expert Report. (Doc. No. 193) The motions are fully briefed and ready for disposition.

**I.  Background**

Plaintiff Stephen Kennedy ("Kennedy") brings this action against Defendant Gish, Sherwood & Friends, Inc. ("Gish"), asserting copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, et seq. Kennedy, a professional photographer, claims Gish, an advertising agency, copied and used 169 of his photographs without his permission in violation of his copyrights.

Kennedy has disclosed himself as a non-retained expert[1] to opine on, *inter alia*, the

---

[1] While it is somewhat unusual for a plaintiff to testify as his own expert witness, there is nothing in the language of Rule 702 to suggest that a party cannot qualify as an expert. See Tagatz v. Marquette University, 861 F.2d 1040, 1042 (7th Cir. 1988).

1

method and means by which Gish removed and/or changed the metadata from his photographs, the dates (gleaned from the file title or metadata) on which Gish copied certain of his photographs from his website, and "whether the removal of such caused the infringements by FAIC." (Kennedy Disclosure of Non-retained Expert Witness, Doc. No. 182-1) Pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Federal Rule of Evidence 702, Gish moves to exclude Kennedy's expert testimony.

Gish has identified Peter Garza, a computer forensics consultant, as a retained expert. Garza filed a report and was deposed. At his deposition, Garza opined, in response to the opinions expressed in Kennedy's Disclosure of Non-Retained Expert, that the available metadata as it exists in 2015 is insufficient to establish that Gish copied Kennedy's photographs on certain dates in 2011. (Garza Depo., Doc. No. 193-1) Kennedy moves to exclude Garza's testimony and opinion on this topic because it was not disclosed in his expert report. Gish characterizes this opinion as rebuttal opinion.

**II.  Discussion**

**A.  Daubert motion to exclude Kennedy testimony**

The federal rules of evidence and related case law require that an expert be qualified and that the expert's testimony be both reliable and relevant. See Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). An expert may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702; Kumho Tire Co., 526 U.S. at 150-51. Reliability hinges on the sufficiency of the facts or data on which the opinion is based, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case. Fed. R. Evid. 702. If the opinion is based solely

or primarily on experience, the witness must connect the experience to the conclusion offered, must explain why the experience is a sufficient basis for the opinion, and must demonstrate the appropriateness of the application of the experience to the facts. Fed. R. Evid. 702, Advisory Committee Notes. To be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Relevance requires the expert's testimony relate to an issue in the case. See Daubert, 509 U.S. at 591. "[D]oubts regarding the usefulness of an expert's testimony" are resolved in favor of admissibility, Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir.2006); *accord* Johnson v. Mead Johnson & Co., 754 F.3d 557, 562 (8th Cir. 2014), because "[a]n expert's opinion should be excluded only if that opinion is so fundamentally unsupported that it can offer no assistance to the jury, Synergetics, Inc. v. Hurst, 477 F.3d 949, 956 (8th Cir.2007) (internal quotation marks and citation omitted).

Gish moves to exclude the following Kennedy opinions:

- Gish cropped out Kennedy's watermark on approximately 51 photographs.
- Gish photo shopped out Kennedy's watermark on approximately 131 photographs.
- Gish removed Kennedy's metadata by screen grabbing the photos.
- Gish manually entered in new metadata.
- Gish copied one photo on May 24, 2011, and four photos on September 7, 2011 based on the file names. Gish copied 4 photos on May 24, 2011, 11 photos on June 10, 2011, 23 photos on June 13, 2011, 10 photos on September 6, 2011, 87 photos on September 7, 2011, and 34 photos on September 8, 2011 from the metadata.
- The ten minute movie Gish made for FAIC is not comp use of Kennedy's photographs.[2]
- The "Yellow Tag" watermark is legible.[3]

---

[2] In its order granting partial summary judgment on liability in favor of Gish, the Court determined that the video was a comp use as a matter of law. In any event, this opinion will be excluded as a legal conclusion which invades the province of the jury.

[3] To be actionable under the Digital Millennium Copyright Act, a watermark must convey copyright management information, thus putting the legibility of Kennedy's watermark at issue. Because the Court has entered summary judgment in favor of Gish on Kennedy's DMCA claim, this portion of Gish's motion will be denied as moot.

- Gish's intent, motive, and/or state of mind with respect to the above issues or any other issue in the case.[4]

Gish challenges Kennedy's qualifications as a "metadata" expert on the grounds that Kennedy has no formal or informal training in metadata, has not published any books, chapters, or articles on metadata, has never been endorsed as a metadata expert in any other litigation, and does not know basic metadata terminology, schemas, or organizations responsible for setting metadata standards. (Doc. No. 182 at 9-10) According to Gish, Kennedy's only experience with metadata is entering it into a program called "Photo Mechanic" before he uploads photographs to his website. (Id. at 9) Demonstrated practical experience may qualify a person to be an expert witness. David E. Watson, P.C. v. United States, 668 F.3d 1008, 1014 (8th Cir. 2012). When expertise is based on personal experience, the experience must bear a close relationship to the expert's opinion. Schmidt v. City of Bella Villa, 557 F.3d 564, 572 (8th Cir. 2009). After consideration, the Court is satisfied that Kennedy is qualified to testify based on his personal knowledge, skill, and twenty plus years of work experience as a professional stock photographer. Any gap in Kennedy's qualifications or knowledge goes to the weight, rather than the admissibility, of his testimony, American Auto. Ins. Co. v. Omega Flex, Inc., 783 F.3d 720, 726 (8th Cir. 2015), and may be explored by Gish on cross-examination. See Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 544 (8th Cir. 2006).

Gish challenges Kennedy's proposed testimony as not reliable on the grounds that, in reaching his opinions, Kennedy did not use an appropriate methodology. Instead of independently reviewing the discovery responses and depositions of Gish and FAIC's witnesses,

---

[4] In his response Kennedy asserts he will not opine on Gish's intent, motive or state of mind. (Doc. No. 197 at 3) The Court will exclude this opinion.

Kennedy relied on a conversation with his attorney in which his attorney "summarized" the testimony given. (Doc. No. 182 at 2-4) A district court has "great latitude in determining whether expert testimony meets the reliability requisites of Rule 702." Allen v. Brown Clinic, P.L.L.P., 531 F.3d 568, 573 (8th Cir.2008). "Attacks on the foundation" of an expert's opinion and conclusions, and the completeness of the expert's methodology, go to the weight rather than the admissibility of the expert's testimony. Sphere Drake Ins. PLC v. Trisko, 226 F.3d 951, 955 (8th Cir. 2000); Kudabeck v. Kroger Co., 338 F.3d 856, 861 (8th Cir. 2003). The factual basis of an expert's opinion goes to the credibility of that testimony. Bonner v. ISP Technologies, Inc., 259 F.3d 924, 929-30 (8th Cir. 2001).

Gish further argues that Kennedy's proposed testimony will not assist the trier of fact because the topics of cropping and photo shopping are within the knowledge or experience of a layperson. (Doc. No. 182 at 4-6) A district court has "great latitude in determining whether expert testimony meets the reliability requisites of Rule 702." Allen v. Brown Clinic, P.L.L.P., 531 F.3d 568, 573 (8th Cir.2008). In ascertaining whether the expert testimony will reliably aid the trier of fact by providing information beyond its common knowledge, Kudabeck v. Kroger Co., 338 F.3d 856, 860 (8th Cir. 2003), the Court should examine factors pertinent to the case, including whether the expertise was "developed for litigation or naturally flowed from the expert's research; ... and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case, Presley v. Lakewood Eng'g & Mfg. Co., 553 F.3d 638, 643 (8th Cir.2009) (internal quotation marks and citation omitted). After weighing these factors, the Court finds Kennedy's opinions will provide relevant and reliable information that will assist the jury in resolving the issues in this case. To the extent Gish considers Kennedy's opinion "shaky,"

"[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596; *accord* Kudabeck, 338 F.3d at 862.

For these reasons, Gish's motion will be granted in part as to Kennedy's opinion and testimony that the ten-minute movie Gish made for FAIC was not a comp use of his photographs as well as his opinion and testimony concerning Gish's intent, motive, and/or state of mind. Gish's motion as to Kennedy's opinion and testimony concerning the legibility of the yellow tag watermark will be denied as moot. In all other respects Gish's motion will be denied.

**B.     Motion in limine to bar opinion of expert Peter Garza**

Kennedy has opined, based on the image file names, that Gish copied one of his photographs on May 24, 2011, and four on September 7, 2011. Kennedy further opines, based on the metadata in the photographs, that Gish copied four photographs on May 24, 2011, eleven on June 10, 2011, twenty-three on June 13, 2011, ten on September 6, 2011, 87 photos on September 7, 2011, and 34 photos on September 8, 2011. At his deposition, Garza opined, in response to these opinions, that the available metadata as it exists in 2015 is insufficient to establish that Gish copied Kennedy's photographs on certain dates in 2011. (Garza Depo., Doc. No. 193-1) Kennedy moves to exclude Garza's testimony and opinion on this topic because it was not disclosed in his expert report. Gish asserts this is a rebuttal opinion.

The Court will defer ruling on Kennedy's motion in limine pending Kennedy's testimony on this topic, but finds no prejudice to Kennedy since Garza's opinion has already been the subject of a deposition by Kennedy's counsel. Also, in light of the Court's ruling denying Gish's motion for summary judgment on its defense of express license and granting Kennedy's cross-

motion that the defense is inapplicable, the dates of Gish's copying in relation to the July 19, 2011 email Kennedy sent to Gish explaining his comp use policy have limited relevance.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Proposed Kennedy Opinions Under Daubert [182] is **GRANTED** in part and **DENIED** in part in accordance with the rulings herein.

**IT IS FURTHER ORDERED** that the Court will defer ruling on Plaintiff Stephen Kennedy's Motion in Limine to Bar the Testimony of Defendant's Expert Witness Peter Garza on One Topic and Opinion Which Was Not Disclosed or Mentioned in the Expert Report [193].

Dated this 5th day of November, 2015.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**